**Motion to Dismiss Granted and Memorandum Opinion filed January 14, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00497-CV

## DAVID A. FETTNER, COURT-APPOINTED RECEIVER FOR CARDENAS AUTO SALES, Appellant

## V.

## DANIEL JACKSON & ASSOCIATES, P.C. D/B/A THE JACKSON LAW FIRM AND ANA MARIA LARA, INDIVIDUALLY, Appellees

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-76532**

## M E M O R A N D U M   O P I N I O N

Appellant David A. Fettner, the court-appointed receiver for a partnership known as Cardenas Auto Sales, attempts to appeal a judgment rendered in favor of Daniel Jackson & Associates, P.C., d/b/a The Jackson Law Firm, against Ana Maria Lara, who also purportedly does business in her individual capacity under the assumed name Cardenas Auto Sales. The Jackson Law Firm argued both in its

appellate brief and in a motion to dismiss that Fettner lacks standing to appeal. We agree; thus, we grant the motion and dismiss the appeal.

## I. BACKGROUND

Ana Maria Lara and her brother Jose Sanchez jointly operated a used-car dealership known as Cardenas Auto Sales. Lara maintained that she owned the business as a sole proprietorship, which she operated under the assumed name of "Cardenas Auto Sales," while Sanchez asserted that he and his sister were partners. To resolve this, Sanchez sued Lara and included as a nominal defendant "Cardenas Auto Sales, a Texas General Partnership."

Lara hired The Jackson Law Firm ("Jackson") to represent her and her purported business. Consistent with her position that the business was a sole proprietorship, she signed the representation agreement solely in her individual capacity. During the course of the *Sanchez* suit, the trial court appointed David A. Fettner as receiver for the dealership. Sanchez and Lara agreed to arbitration, and the arbitration panel determined that the dealership was a general partnership. Because the name "Cardenas Auto Sales" was previously claimed to be an assumed name referring to Lara only in her individual capacity, we will refer to the business as "the Partnership" for the sake of clarity.

Lara failed to pay Jackson as agreed, and the firm sued her "individually and d/b/a Cardenas Auto Sales." Despite this language specifying that the "Cardenas Auto Sales" named in the petition refers only to an assumed name for Lara herself, Fettner filed an answer to the suit on behalf the Partnership. To eliminate any confusion, Jackson nonsuited any claims against the Partnership.

Jackson then moved for summary judgment against Lara, and Fettner filed a petition in intervention seeking a declaration that the Partnership was not a party to

Lara's legal-representation agreement with Jackson and is not liable on the contract. Pursuant to a Rule 11 agreement, Jackson again nonsuited any claims against the Partnership, and Fettner nonsuited his claims against the law firm.

After the trial court granted summary judgment against Lara "d/b/a Cardenas Auto Sales,"[1] Fettner interjected himself into the lawsuit for a third time by filing three motions in which he asked the trial court to modify, vacate, or void the judgment and require Lara and her counsel to show authority to represent the Partnership in the suit. The trial court denied the motions. Fettner now appeals the judgment and the denial of his post-judgment motions, while Jackson challenges Fettner's standing to appeal.

## II. STANDING

The threshold issue of standing is dispositive of this appeal. Standing is implicit in the concept of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Thus, an appellate court lacks jurisdiction to review a ruling appealed by a person without standing. *See id.* at 444. A person generally has standing to appeal a ruling only if the person is personally aggrieved by it. *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). An appealing party may not complain of errors that do not injuriously affect that party or that merely affect the rights of others. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000).

All of Fettner's arguments, whether addressing standing or the merits of the trial court's rulings, rest on the same mistaken premise that any reference in this case to "Cardenas Auto Sales" necessarily refers to the Partnership. Fettner therefore

---

[1] Although the parties refer to this as an agreed judgment, the judgment itself recites that the trial court granted Jackson's motion for summary judgment, and Lara's counsel approved only the form of the judgment, not its content.

reasons that because the trial court rendered judgment against "Ana Maria Lara, d/b/a Cardenas Auto Sales," the trial court rendered judgment against "Ana Maria Lara *and* the Partnership."

But, Fettner has failed to appreciate the significance of the expression, "d/b/a." "D/b/a," which means "doing business as,"[2] indicates that the person or business whose name precedes the acronym uses an assumed name. "An 'assumed name' is a word or phrase by which a person may be made known to the public, and is not a legal entity." *CA Partners v. Spears*, 274 S.W.3d 51, 69 n.11 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). *See also Horie v. Law Offices of Art Dula*, 560 S.W.3d 425, 434 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("[T]he assumed name of a sole proprietorship is not a separate legal entity or even a different capacity of the individual sole proprietor."). In effect, the expression "d/b/a" defines two or more names as synonyms, each of which refers to the same person or business.

Individuals and partnerships alike can sue and be sued in their assumed names. *See* TEX. R. CIV. P. 28. If Jackson had identified the sole defendant in this case only as "Cardenas Auto Sales," then there might be some ambiguity about whether the firm had sued Lara or the Partnership, but there still would be only a single defendant. Here, however, Jackson identified the defendant as "Ana Maria Lara, individually and d/b/a Cardenas Auto Sales." Thus, the firm asserted claims, and obtained a judgment, against Lara alone.

Fettner finds it significant that the arbitration panel found that the business known as "Cardenas Auto Sales" is a general partnership and not Lara's sole proprietorship. That finding is immaterial to Fettner's standing, because in rendering judgment against "Ana Maria Lara, d/b/a Cardenas Auto Sales," the trial court

---

[2] *D/b/a*, BLACK'S LAW DICTIONARY (11th ed. 2019).

effectively defined "Cardenas Auto Sales," *as used in the judgment at issue*, to mean only the particular individual named Ana Maria Lara sued in this case and no one else. Because a partnership is an entity distinct from its partners,[3] a judgment against Lara individually is not a judgment against the Partnership, regardless of whether the two in fact use the same name.

In sum, the judgment injuriously affects Lara alone. Because the Partnership is not bound by the judgment, Fettner, in his capacity as the Partnership's receiver, is not personally aggrieved. We accordingly grant Jackson's motion and dismiss Fettner's appeal for lack of standing.

/s/    Tracy Christopher
        Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Zimmerer.

---

[3] TEX. BUS. ORGS. CODE ANN. § 152.056.